UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK DOWNEY,

        Plaintiff,

-against-

UNITED STATES OF AMERICA,

        Defendant.

MARK DOWNEY,

        Plaintiff,

-against-

UNITED STATES OF AMERICA,

        Defendant.

19-CV-5985 (CM)

19-CV-6646 (CM)

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed these actions *pro se*. By order dated July 18, 2019, the Court granted Plaintiff's requests to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court consolidates these actions and dismisses them for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

[claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff Mark Downey filed a 101-page complaint in the 19-CV-5985 case on June 26, 2019, purporting to bring a *qui tam* action. Twenty days later, he filed a 145-page complaint in the 19-CV-6646 case, also purporting to bring a *qui tam* action. Plaintiff also purports to bring these actions under numerous federal statutes, both civil and criminal.

The complaints in both actions are substantially similar. In both complaints, Plaintiff alleges, *inter alia*, the following:

> This entire Claim is mandated by the qui tam, the False Claims Act and the Dodd-Frank Act to generate revenues for the Federal Government to dramatically reduce the mounting $21 Trillion Federal Budget Deficit for our Children's Children; 70% for the Federal Government and 30% for the Disabled Plaintiffs.

(Compls. at ¶ III.)

## DISCUSSION

**A.    The False Claims Act (FCA)**

Plaintiff's *qui tam* claims under the False Claims Act (FCA), 31 U.S.C. § 3729, must be dismissed. The FCA permits private persons to bring suit where there has been fraud on the federal government.[1] The *qui tam* provisions of the FCA allow a private plaintiff to sue persons who knowingly defraud the federal government. *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009). *Pro se* litigants, however, lack statutory standing to bring *qui tam* claims under the FCA. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89,

---

[1] The FCA imposes civil liability upon "any person" who, among other acts, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). A suit under the FCA may be brought by either the federal government or by a private person, or "relator," who sues for the United States in a *qui tam* action. 31 U.S.C. § 3730(a), (b)(1).

93 (2d Cir. 2008); *Klein v. City of New York*, 10-CV-9568 (PAE) (JLC), 2012 WL 546786, at *5 (S.D.N.Y. Feb. 21, 2012). Because Plaintiff, as a *pro se* litigant, lacks standing to assert his *qui tam* claims under the FCA, the Court dismisses those claims for failure to state a claim.

**B.     Remaining Claims**

Plaintiff's remaining claims are dismissed as frivolous. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses Plaintiff's remaining claims as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

**C.     Litigation History**

A review of the Public Access to Court Electronic Records (PACER) database reveals that Plaintiff has filed 28 actions in United States District Courts nationwide, and many of these actions have been deemed frivolous or meritless.

From June 19, 2019, through July 17, 2019, Plaintiff has filed 18 complaints that are substantially similar to the complaints filed in this Court. *See e.g. Downey v. United States*, No. 19-CV-6480 (CJS) (W.D.N.Y. July 11, 2019) (dismissing action with prejudice); *Downey v.*

*United States*, No. 19-CV-1872 (PX) (D. Md. July 8, 2019) (dismissing action for failure to state a claim); *Downey v. United States*, No. 19-CV-11414 (RGS) (D. Mass. July 1, 2019) (same); *Downey v. United States*, No. 19-CV-22678 (KMW) (S.D. Fla. July 1, 2019) (same). By order dated March 26, 2019, Plaintiff was barred by the United States District Court for the Eastern District of Virginia from filing any new civil action or pleadings in any closed actions in that court without first obtaining permission. *See Downey v. United States*, No. 19-CV-0233 (E.D. Va. Mar. 26, 2019).

In light of this litigation history, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration, in 19-CV-5985 (CM), setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The Clerk is directed to assign these matters to my docket, mail a copy of this order to Plaintiff, and note service on the docket in both cases. The Court consolidates these two actions for the purpose of this order. The Clerk of Court is further instructed enter judgment in 19-CV-6646 (CM), and to hold 19-CV-5985 (CM) open on the docket until a civil judgment is entered.

4

The complaints, filed *in forma pauperis* under 28 U.S.C. § 1915(a), are dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Plaintiff shall have thirty days to show cause by declaration, in 19-CV-5985 (CM), why an order should not be entered barring Plaintiff from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 2, 2019
        New York, New York

                                                 COLLEEN McMAHON
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|